IN THE
UNITED STATES DISTRICT COURT

FOR DISTRICT OF DELAWARE

ISIDORE AND BONNIE CORWIN,

    PLAINTIFFS, PRO SE

V.

                                    C.A. NO. 07-152

B'NAI B'RITH SENIOR ET AL

    DEFENDANTS.

## PLAINTIFFS' MOTION FOR A COURT-ORDER ATTORNEY

*PARTIES:*
ISIDORE AND BONNIE CORWIN, PLAINTIFFS, IN THEIR COMPLAINT AT THE U.S. DISTRICT COURT AGAINST DEFENDANT B'NAI B'RITH SENIOR ET AL, MAKE APPLICATION FOR A COURT-ORDERED ATTORNEY BECAUSE PLAINTIFFS CANNOT ADEQUATELY REPRESENT THEMSELVES IN THIS MATTER.

*COMPLAINT:*
PLAINTIFFS FILED THE COMPLAINT IN THE U.S. DISTRICT COURT OF THE DISTRICT OF DELAWARE, WHERE PLAINTIFFS ALLEGE NATIONAL ORIGIN DISCRIMINATION AGAINST HUD-SUBSIDIZED APARTMENT BUILDING OWNER/DEFENDANTS, B'NAI B'RITH SENIOR ET AL.

1

THE SEQUENCE OF EVENTS LEADING UP TO THE DEFENDANTS REQUESTING PLAINTIFFS AND ALL TENANTS AT THE SUBJECT FACILITY TO REMOVE THEIR FLAGS PROMPTLY FROM THEIR PRIVATE BALCONIES, SIX (6) MONTHS AGO, ON SEPTEMBER 15, 2006 (COMPLAINT, P.3, NO. 14) WAS A SUDDEN SHIFT IN THE DEFENDANT'S POSITION FROM PASSIVE ACCEPTANCE OF FLAG FLYING IN THE YEARS 2001 THRU 2005 TO ACTIVE OPPOSITION OF TENANT FLAG HANGING ON THE TENANTS BALCONIES AT THE SUBJECT FACILITY IN 2006.

AS EQUAL PROTECTION CLAIMANTS, PLAINTIFFS BELIEVE, IN THE COMPLAINT, THAT THE FACTS SHOW A PATTERN OF CONDUCT BY THE DEFENDANTS WITH A DISCRIMINATORY EFFECT ON PLAINTIFFS, A NATIONAL ORIGIN DISCRIMINATORY EFFECT, WITHOUT ANY BONA FIDE INTEREST JUSTIFYING THE TARGETING OF THE HANGING OF THE AMERICAN FLAG BELONGING TO PLAINTIFFS, FOR EXCLUSION ON PLAINTIFFS' BALCONY RAIL (COMPLAINT, P.4, NO. 21), WHILE OTHER SYMBOLS AND EXPRESSIONS ARE FREELY ALLOWED TO BE ATTACHED TO THE BALCONY OR AFFIXED TO THE BALCONY RAIL ON OTHER TENANTS' BALCONIES AT THE SUBJECT PREMISES (COMPLAINT, P. 4-5, NOS. 22,23) .

DESPITE THE DEFENDANTS' RESPECT AND ADMIRATION FOR THE AMERICAN FLAG, THE ALLEGED DISCRIMINATORY CONDUCT BY THE DEFENDANTS CREATES A HOUSING FACILITY DISCRIMINATORY EFFECT ON THE PLAINTIFFS, WHERE AND ACCORDING TO HUD RULE " STANDARDS OF HUD LAW", HUD 24 CFR 5.506 - 5.512, THE LANDLORD VIOLATES HUD LAW WHERE S/HE MUST ENFORCE THE RULES OF TENANCY IN A NONDISCRIMINATORY MANNER AND WHERE A LANDLORDS' RESPONSE TO A VIOLATION OF THE RULES MUST NOT DIFFER BASED ON THE PERSON'S RACE, RELIGION, OR NATIONAL ORIGIN AND IS WHERE THE DEFENDANTS FAILED TO DO SO IN PLAINTIFFS' REQUEST TO HANG THEIR AMERICAN FLAG ON THEIR RESPECTIVE BALCONY RAIL.

THE PROFESSED PAST LACK OF DISCRIMINATORY INTENT ON THE PART OF DEFENDANT ROTAN IS NOT NECESSARY FOR A CLAIM UNDER TITLE VIII, HOWEVER, THE REPEATED REFUSALS BY DEFENDANT ROTAN IN PLAINTIFFS' REQUESTS, INCLUDING THEIR HANGING OF THE AMERICAN FLAG ON THEIR PERSPECTIVE BALCONY RAIL, COULD GO TO THE ISSUE OF PUNITIVE DAMAGES.

## *REASONS FOR THE FAIR HOUSING CLAIM:*

1. THE FAIR HOUSING ACT ITSELF FOCUSES ON PROHIBITED ACTS. IN RELEVANT PART, THE "ACT" FORBIDS "ANY PERSON OR OTHER ENTITY WHOSE BUSINESS INCLUDES ENGAGING IN RESIDENTIAL REAL ESTATE-RELATED TRANSACTIONS TO DISCRIMINATE," FOR EXAMPLE, BECAUSE OF "...NATIONAL ORIGIN." 42 U.S.C. § 3605 (A). IT ADDS THAT "PERSON" INCLUDES, FOR EXAMPLE, INDIVIDUALS, CORPORATIONS, PARTNERSHIPS, ASSOCIATIONS, LABOR UNIONS, AND OTHER ORGANIZATIONS. § 3602 (D).

2. A HUD REGULATION APPLICABLE DURING THE RELEVANT TIME PERIOD FOR THIS SUIT PROVIDES THAT ADMINISTRATIVE COMPLAINTS ALLEGING FAIR HOUSING ACT VIOLATIONS MAY BE FILED "AGAINST ANY PERSON WHO DIRECTS OR CONTROLS, OR HAS THE RIGHT TO CONTROL, THE CONDUCT OF ANOTHER PERSON WITH RESPECT TO ANY ASPECT OF THE...RENTAL OF DWELLINGS...IF THAT OTHER PERSON, ACTING WITHIN THE SCOPE OF (HIS OR HER) AUTHORITY AS EMPLOYEE OR AGENT OF THE DIRECTING OR CONTROLLING PERSON...HAS ENGAGED...IN A DISCRIMINATORY HOUSING PRACTICE" 24 CFR § 103.20 (B).

3. IN THIS CIVIL RIGHTS CLAIM ALLEGED IN THE COMPLAINT, THE FAIR HOUSING ACT IS THE EASIEST TO PROVE, FOR PLAINTIFFS NEED NOT SHOW UNDER THAT ACT THAT DEFENDANTS' DISCRIMINATORY ACT WERE DONE INTENTIONALLY (RESIDENT ADVISORY BOARD V. RIZZO, 564 F. 2D 126 (3D CIR. 1977), CERT. DENIED 435 U.S. 908, 55 L. ED. 2D 499, 98 S. CT. 1457 (1978). THEREFORE, SINCE THE U.S. DISTRICT COURT IS MOST INTERESTED IN FINDING OUT HOW LIKELY IT IS THAT PLAINTIFFS WOULD SECURE RELIEF ON THEIR NATIONAL ORIGIN DISCRIMINATION CLAIM, IT NEED ONLY EVALUATE THE STRENGTH OF THE FAIR HOUSING CLAIM.

4. PLAINTIFFS ASSERT THAT DEFENDANTS ACTIONS HAVE CAUSED NATIONAL ORIGIN DISCRIMINATING EFFECT ON THE PLAINTIFFS AND THE COMPLAINT IS THE PROPER TOOL TO REMEDY THE UNLAWFUL ACTIVITY.

RESPECTFULLY SUBMITTED BY:

_Isidore Corwin POA / Bonnie Corwin_
ISIDORE CORWIN, PLAINTIFF
B'NAI B'RITH SENIOR HOUSING APARTMENT COMPLEX
APT 608
8000 SOCIETY DRIVE
CLAYMONT, DELAWARE, 19703
PHONE/FAX 302-798-5116


_Bonnie Corwin_
BONNIE CORWIN, PLAINTIFF
B'NAI B'RITH SENIOR HOUSING APARTMENT COMPLEX
APT 608
8000 SOCIETY DRIVE
CLAYMONT, DELAWARE, 19703
PHONE/FAX 302-798-5116


DATED: March 14, 2007