**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

A P R O F E S S I O N A L   C O R P O R A T I O N   www.marshalldennehey.com

A REGIONAL DEFENSE LITIGATION LAW FIRM

PENNSYLVANIA
Bethlehem
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton
Williamsport

NEW JERSEY
Cherry Hill
Roseland

DELAWARE
Wilmington

OHIO
Akron

FLORIDA
Ft. Lauderdale
Jacksonville
Orlando
Tampa

1220 N. Market St., 5th Floor, P.O. Box 8888 · Wilmington, DE 19899-8888
(302) 552-4300 · Fax (302) 651-7905

**Direct Dial: 302-552-4317**
**Email: dagriffith@mdwcg.com**



May 22, 2007

The Honorable Mary Pat Thynge
United States District Court
District of Delaware
844 North King Street
Lock Box 8
Wilmington, DE 19801

> **Re:   Isidore and Bonnie Corwin v. B'Nai B'Rith Senior Citizen Housing, Inc.**
> **Our File No.: 21256-00728**
> **C.A. No.:      07-152**

Dear Magistrate Thynge:

I am counsel in the above-referenced matter for Defendants  B'Nai B'Rith Senior Citizen Housing, Inc., Southeastern Property Management, Inc., and Lynne Rotan.

Plaintiffs have recently filed a first Motion to Amend Complaint, on May 10, 2007 (D.I. 10), a Second Petition to Amend Complaint, on May 16, 2007 (D.I. 13), and most recently, I received Plaintiffs' Answering Brief in Opposition to Defendants' Reply Brief in Support of Their Motion to Dismiss, dated May 19, 2007. That Answering Brief does not yet appear on the Court's docket and therefore has not been assigned a docket identification number.  Please accept this as Defendants' response to those three filings.

### *Motion to Amend Complaint (D.I. 10)*

In this motion, Plaintiffs seek to add a party Defendant, Wilmington Lodge 470, B'Nai B'Rith, Inc., pursuant to Local Rule 15.1, on the basis that the entity "is one of the owners of the B'Nai B'Rith House (subject facility named in the Complaint)." Plaintiffs' Motion to Amend Complaint at p.1, attached as Exhibit 1.

Defendants take no position on the motion, but do briefly comment on it as follows.  First, it does not appear that, even if Wilmington Lodge 470, B'Nai B'Rith, Inc. was added as a party Defendant, it would add anything of real value to the case to the extent of Plaintiffs' proffered Constitutional arguments. *See* "Second Petition to Amend Complaint," *supra*.  As argued more at length in Defendants' Reply Brief in Support of Their Motion to Dismiss, none of the originally named Defendants are state actors such that the Amendments to the

---

United States Constitution, including the First and Fourteenth, govern their behavior toward Plaintiffs or provide a basis for allegations of violations thereof. Likewise, neither is Wilmington Lodge 470, B'Nai B'Rith, Inc. a state actor.

Second, the timing of Plaintiffs' attempted addition is somewhat confusing. As support for their motion, Plaintiffs attach deposition testimony seemingly to demonstrate that Wilmington Lodge 470, B'Nai B'Rith, Inc. is indeed an owner of the subject facility. The deposition, however, taken in a separate lawsuit instituted by Plaintiffs against the same Defendants named herein, *Corwin v. B'Nai B'Rith Senior Citizen Housing, Inc.*, C.A. No. 04-1499, occurred on November 4, 2005. That was nearly eighteen (18) months prior to Plaintiffs' institution of this suit on March 15, 2007. As of November 4, 2005, then, Plaintiffs knew this information. It is not entirely clear, therefore, why Wilmington Lodge 470, B'Nai B'Rith, Inc. was not originally included as a Defendant in the present action if, according to Plaintiffs through their Motion to Amend Complaint, it is necessary that it is one.

### *Second Petition to Amend Complaint (D.I. 13)*

In this motion, Plaintiffs seek to add a third Count. The Count is entitled "VIOLATION OF FAIR HOUSING ACT, 42 <u>U.S.C</u> SECTION, ET SEQ. & DELAWARE FAIR HOUSING ACT, 6 DEL.C. SECTION 4601, ET SEQ." It, however, introduces Constitutional allegations to Plaintiffs' Complaint inasmuch as it is stated that their First and Fourteenth Amendment rights were violated, and separately that "the flag policy violates Plaintiffs' freedom of speech . . . and expression in contravention of Article I, Sections 11 and 19 . . . ." Plaintiffs' Second Petition to Amend Complaint at p. 2, attached as Exhibit 2.

First, as argued more at length in Defendants' Reply Brief in Support of Their Motion to Dismiss, Constitutional allegations and arguments are inapplicable to the present case because none of the Defendants are state actors. Therefore, none are capable of violating the Constitutional rights of another. *See Barr v. The Camelot Forest Conservation Association, Inc.*, 153 Fed. Appx. 860, 862 (3d Cir. 2005)(parties alleging Constitutional violations must do so against governmental, and not private, actors)(attached as Exhibit 3). Further, whatever connection Defendants have to the Federal government, specifically through alleged Federal funds received by Defendants, is not sufficient to transform Defendants into state actors. *See Crissman v. Dover Downs Entertainment, Inc.*, 289 F.3d 231, 243 (3d Cir. 2002)("[T]he Government may subsidize private entities without assuming constitutional responsibility for their actions.")(citation omitted).

Second, Plaintiffs' motion actually buttresses Defendants' ultimate argument - that this action should be dismissed because Defendants' flag policy is uniform as to all tenants and national origins such that the Federal and Delaware Fair Housing Acts are not violated thereby at all. Specifically, Plaintiffs' motion states that "Defendants' flag policy . . . *makes no accommodation* for tenants with larger American flag messages at the subject facility." Plaintiffs' Second Petition to Amend Complaint at p. 1 (emphasis added). By Plaintiffs' own admission, then, the flag policy was uniform, at least as to the size of allowable flags. Similarly, the policy as a whole applied equally to all tenants and national origins, and therefore, there could not have been a violation of either the Federal or Delaware Fair Housing Act by Defendants.

May 22, 2007
Page 3

---

### *Answering Brief in Opposition to Defendants' Reply Brief (no D.I.)*

Finally, Plaintiffs have sent to the Court an Answering Brief in Opposition to Defendants' Reply Brief in Support of Their Motion to Dismiss. Despite that Plaintiffs' document has not yet been docketed, it is presumed that it will be shortly which will make it an official submission. Plaintiffs have entitled it an "Answering Brief," but in actuality it amounts to their Reply Brief to Defendants' Reply Brief. If this seems preposterous, it is. While Local Rule 7.1.3 provides the requisite form and contents of briefs, it mentions only Opening and Answering Briefs, at subsection (c)(1), and Reply Briefs, at subsection (c)(2). There is no mention of, or allowance for, Reply Briefs to Reply Briefs in Local Rule 7.1.3, or, to counsel's knowledge, in any other Local Rule, Federal Rule of Civil Procedure, or other source. Therefore, as a mere matter of procedure, Plaintiffs' Answering Brief in Opposition to Defendants' Reply Brief, or their Reply Brief to Defendants' Reply Brief, should be disallowed and not considered by the Court.

Moreover, even if Plaintiffs' submission was allowed, its contents would be inapplicable to the present case insofar as they, again, solely advance Constitutional arguments to support Plaintiffs' position. As previously demonstrated, both herein and in Defendants' Reply Brief in Support of Their Motion to Dismiss, such Constitutional arguments are inapplicable because none of the Defendants are state actors.

Aside from the aforementioned Plaintiffs' submissions and the Court's decisions thereon, Defendants respectfully request a scheduling teleconference with Your Honor and Plaintiffs to establish a Scheduling Order. Defendants offer to initiate the teleconference on the chosen date.

Very truly yours,

*Daniel A. Griffith*    for DAG

DAG/hr
Enclosures - Exhibits

cc:    Isidore Corwin (w/exhibits)
       Bonnie Corwin (w/exhibits)

\15_A\LIAB\DAGRIFFITH\OPLT\429722\HXRUSSO\21256\00728

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

ISIDORE CORWIN AND BONNIE CORWIN            :          CIVIL ACTION
(INFORMA PAUPERIS STATUS)                    :
                                             :
                    PLAINTIFFS,              :
                                             :
                                             :
                                             :          NO. 07-CV-152-***
                                             :          JURY TRIAL DEMANDED
                                             :
         V.                                  :
                                             :
B'NAI B'RITH SENIOR CITIZEN HOUSING, INC.,   :
ET AL                                        :
                    DEFENDANTS.              :



**PLAINTIFFS' MOTION TO AMEND COMPLAINT**

     PURSUANT TO <u>LAR 15.1,</u> PLAINTIFFS PETITION YOUR COURT TO AMEND THE
ORIGINAL COMPLAINT. ATTACHED INFORMATION (AT EXHIBIT A & B) STATES THAT, IN
RESPECT TO PLAINTIFFS' COMPLAINT IN NAMING THE DEFENDANTS, PLAINTIFFS HAVE
KNOWLEDGE THAT THE WILMINGTON LODGE 470, B'NAI B'RITH, INC. IS ONE OF THE
OWNERS OF THE B'NAI BRITH HOUSE (SUBJECT FACILITY NAMED IN THE COMPLAINT).

     THEREFORE, PLAINTIFFS PETITION NOW TO ENJOIN THE AFOREMENTIONED
LODGE CORPORATION TO THE DEFENDANTS LISTED IN THE ORIGINAL COMPLAINT, AND
IN ORDER TO IMPOSE A VICARIOUS LIABILITY CLAIM AGAINST THE PROPOSED
DEFENDANT REGARDING THE FAIR HOUSING ACT (42 USCS 3601 ET SEQ), WHICH FORBIDS
NATIONAL ORIGIN DISCRIMINATION IN THE RENTAL OF A DWELLING.

**LEGAL ARGUMENT**

     WILMINGTON LODGE 470, B'NAI B'RITH, INC., INCORPORATED IN DELAWARE, IS
NAMED AS OF THE OWNERS OF THE SUBJECT FACILITY, THE B'NAI B'RITH HOUSE,
AND ACCORDING TO THE FACILITY'S MANAGER LYNNE ROTAN, UNDER OATH, IN
DEPOSITION, ON NOVEMBER 4. (AT EXHIBIT A).

     ADDITIONALLY, ACCORDING TO <u>RETIREMENTHOMES.COM,</u> WILMINGTON LODGE
470, B'NAI B'RITH, INC., IS THE OWNER OF THE B'NAI B'RITH HOUSE. (AT EXHIBIT B).

1

HENSE, PLAINTIFFS WISH TO ADD, AS "NO. 7", UNDER THE HEADING, <u>PARTIES</u>, AT PAGE 2 OF THEIR ORIGINAL COMPLAINT:

**7. DEFENDANT WILMINGTON LODGE 470, B'NAI B'RITH, INC. (INCORPORATED IN DELAWARE), WHOSE ADDRESS IS AT 8000 SOCIETY DRIVE, CLAYMONT, DE 19703.**

THEREFORE, THE AMENDED COMPLAINT WOULD READ:

\* \* \* \*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| ISIDORE CORWIN AND BONNIE CORWIN<br>*PLAINTIFFS,* | CIVIL ACTION NO.:**NO. 07-CV-152-\*\*\*** |
| -AGAINST- | |
| | <u>COMPLAINT</u><br>(TRIAL BY JURY DEMANDED) |
| B'NAI B'RITH SENIOR CITIZEN HOUSING, INC.;<br><u>WILMINGTON LODGE 470, B'NAI B'RITH INC.;</u><br>SOUTHEASTERN PROPERTY MANAGEMENT, INC.;<br>AND LYNNE ROTAN, AN AGENT, SERVANT OR EMPLOYEE OF<br>B'NAI B'RITH SENIOR CITIZEN HOUSING, INC. | |
| *DEFENDANTS.* | |

---

PLAINTIFFS ISIDORE CORWIN AND BONNIE CORWIN, PRO SE, UNDERSIGNED, BRING THIS COMPLAINT AGAINST THE ABOVE-NAMED DEFENDANTS AND THEIR AGENTS, SERVANTS, AND EMPLOYEES, AND IN SUPPORT THEREOF ALLEGE THE FOLLOWING ON PERSONAL KNOWLEDGE AS TO THEMSELVES

<u>PARTIES</u>

1. PLAINTIFF ISIDORE CORWIN ( "I. CORWIN") IS A CITIZEN OF THE UNITED STATES AND RESIDES IN THE STATE OF DELAWARE AT 8608 SOCIETY DRIVE, CLAYMONT, COUNTY OF NEW CASTLE, DELAWARE, 19703.

2. PLAINTIFF BONNIE CORWIN ("B. CORWIN") IS A CITIZEN OF THE UNITED STATES, IS THE LAWFUL SPOUSE OF PLAINTIFF ISIDORE CORWIN, AND RESIDES WITH HIM AT 8608 SOCIETY DRIVE, CLAYMONT, COUNTY OF NEW CASTLE, STATE OF DELAWARE, 19703.

2

3. DEFENDANT B'NAI B'RITH SENIOR CITIZEN HOUSING, INC. ("B'NAI B'RITH SENIOR")
HAS ITS PRINCIPAL PLACE OF BUSINESS AT 8000 SOCIETY DRIVE, CLAYMONT, DE, 19703,
AND ITS CORPORATE OFFICE AT 1103 R. ARRINGTON, JR. BOULEVARD SOUTH,
BIRMINGHAM, ALABAMA, 35205.

4. DEFENDANT SOUTHEASTERN PROPERTY MANAGEMENT, INC. ("SPM") IS A
MANAGEMENT AGENCY, WITH ITS CORPORATE OFFICE AT 1103 R. ARRINGTON, JR.
BOULEVARD SOUTH, BIRMINGHAM, ALABAMA, 35205.

5. DEFENDANT LYNNE ROTAN ("ROTAN") IS A PROPERTY MANAGER, WITH HER
RESIDENCE AT 15 PENNSYLVANIA AVENUE, CLAYMONT, DELAWARE, 19703.

6. AT ALL TIMES RELEVANT TO THIS COMPLAINT, DEFENDANT ROTAN ACTED AS AN
AGENT, SERVANT, OR EMPLOYEE OF B'NAI B'RITH SENIOR.

7. DEFENDANT WILMINGTON LODGE 470, B'NAI B'RITH INCORPORATED, OWNER OF
B'NAI B'RITH HOUSE, WHOSE CORPORATION ADDRESS IS AT 8000 SOCIETY DRIVE,
CLAYMONT, DE 19703.

* * * *

RESPECTFULLY SUBMITTED,

_Isidore Corwin POA Bonnie Corwin_

ISIDORE CORWIN, PLAINTIFF PRO SE
B'NAI B'RITH HOUSE
APT 608
CLAYMONT, DE 19703-1749
PHONE/FAX 302-798-5116

_Bonnie Corwin_

BONNIE CORWIN, PLAINTIFF PRO SE
B'NAI B'RITH HOUSE
APT 608
CLAYMONT, DE 19703-1749
PHONE/FAX 302-798-5116

DATED  5-9-07

EXHIBIT (A): 2-PAGE COPY OF U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE DEPOSITION
OF LYNN ROTAN ON NOVEMBER 4, 2005 AND PAGE 6 AT LINE 12.

EXHIBIT (B): 2-PAGE COPY OF HOMEPAGE OF RETIREMENTHOMES.COM PRINTOUT AND AT TOP OF
PAGE 2, WHERE "OWNER" B'NAI B'RITH LODGE IS LISTED AS OWNER OF THE B'NAI B'RITH HOUSE.

CORWIN V. B'NAI B'RITH SENIOR ET AL

<u>CASE NO. 07-152</u> **\*\*\***

EXHIBIT A & B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE


ISIDORE CORWIN and          )
BONNIE CORWIN,              )
                           )
          Plaintiffs,       )
                           )   Civil Action No.
                           )   04-1499
     -vs-                   )
                           )
B'NAI B'RITH SENIOR CITIZEN )
HOUSING, INC., a corporation )
d/b in the State of Delaware, )
SOUTHEASTERN PROPERTIES     )
MANAGEMENT, INC., a         )
subsidiary of B'NAI B'RITH  )
SENIOR HOUSING, INC., and   )
LYNNE ROTAN, an agent, servant)
or employee of SOUTHEASTERN )
PROPERTIES MANAGEMENT, INC., )
                           )
          Defendants.       )


          Deposition of LYNNE ROTAN, taken before
Elaine Gallagher Parrish, Registered Professional
Reporter, at 1509 Gilpin Avenue, Wilmington, Delaware on
November 4, 2005, commencing approximately at 9:00 a.m.


APPEARANCES:

          CHRISTOPHER A. FERRARA, ESQ.
          AMERICAN CATHOLIC LAWYERS ASSOCIATION, INC.
           420 Route 46 East, Suite 7
           P.O. Box 10092
           Fairfield, New Jersey  07004-6092
           973-244-9895
           for the Plaintiffs,


          WILCOX & FETZER
     1330 King Street -  Wilmington, Delaware 19801
          (302)655-0477



WILCOX & FETZER LTD.
Registered Professional Reporters
ORIGINAL

1    issue a report and it says, you know, either you owe HUD

2    for so much or -- we don't deal directly with HUD.  We

3    deal with the Delaware State Housing Authority.

4         Q.   So the flow of the money goes which way?  It

5    goes from HUD to what?

6         A.   I imagine it goes from HUD to Delaware State

7    Housing Authority.  I'm not really privy to that.  The

8    money goes from Delaware State Housing Authority to us.

9         Q.   So the Delaware State Housing Authority pays the

10   owners of the facility?

11        A.   Yes.

12        Q.   And the owner of the facility is the B'nai

13   B'rith?

14        A.   B'nai B'rith Wilmington Lodge.  B'nai B'rith

15   Senior Housing, Incorporated.

16        Q.   Do you know who the officers of B'nai B'rith

17   Senior Housing, Incorporated are:  The president,

18   vice-president and so forth?

19        A.   The president is David Schlecker,

20   S-c-h-l-e-c-k-e-r.

21        Q.   And the vice-president, if you know?

22        A.   The vice-president I believe is Stephen

23   Scheinberg.  S-t-e-p-h-e-n, S-c-h-e-i-n-b-e-r-g.

24        Q.   Is there a secretary that you know of?

Your Guide to Retirement Living:  Seniors | Directors | Vendors | Job Seekers | Health Professionals | Jo

# RetirementHomes.com
### your guide to retirement living

| **Homes** | **Jobs** | **Resources** | **Library** | **Forums** | **Our Services** | **Join Now** |

| **About Us** |

---

**Find Local Senior Housing**
Free assistance finding the right Senior Living
Community
www.aplaceformom.com

**Adult 55+ Communities**
Get your Free guide to active adult
communities in PA, NJ, DE, VA.
www.ActiveAdultHousing.com

**SeniorLiving.com**
Search for retirement communitie
Independent, assisted living & mo
www.seniorliving.com

Ads by Goooooogle

Advertis

## B'nai B'rith House Retirement Homes

Location :Claymont, Delaware

Address :8000 Society Dr 19703

Telephone :302-798-6846

Fax :302-798-2275

### Description:

**CONTACT**

Lynne Rotan

**INDEPENDENT LIVING**

Apts 208

Govt-subsidized

Min age 62

**SERVICES**

Central dining

Housekeeping

Social and recreational

Social work/Mental health

Library

Religious activities

Maintenance

Emergency call system

**DATE OPENED**

August 1979

**OWNER TYPE**

B'nai B'rith House - Independent living Retirement Homes Located at Claymont, Delaware    Page 2 of 2

Private non-profit

**OWNER**

B'nai B'rith Lodge #470

Senior Housing Guide | Terms of Service | Privacy | Contact Us | Site Map | Retirement Homes Network
Retirement Homes | Retirement Communities | Retirement Living | Retirement Community | Elder Care | Retireme
Long Term Care | Seniors Care | Senior Community | Home Care | Assisted Living | Retirement Resorts | Senior I

Google [                    ]  **Google Search**

○ WWW ⊙ RetirementHomes.com

© RetirementHomes.com 2006. All rights reserved. Retirement Homes & Senior Housing - USA/Canada

IN THE UNITED STATES DISTRICT COURT

**IN AND FOR THE DISTRICT OF DELAWARE**

- - -

| | | |
|---|---|---|
| ISIDORE CORWIN AND BONNIE CORWIN<br>(INFORMA PAUPERIS STATUS) | : | CIVIL ACTION |
| PLAINTIFFS, | : | |
| | : | 07-152 |
| | : | **NO. 04-1499 GMS** |
| | : | JURY TRIAL DEMANDED |
| V. | : | |
| B'NAI B'RITH SENIOR CITIZEN HOUSING, INC.,<br>ET AL | : | |
| DEFENDANTS. | : | |

- - -

## CERTIFICATE OF SERVICE

WE, ISIDORE AND BONNIE CORWIN, PRO SE, DO HEREBY CERTIFY THAT ON _May 9, 2007_ , WE CAUSED THE ORIGINAL AND (1) COPY OF THE FOREGOING **_PLAINTIFFS' MOTION TO AMEND COMPLAINT_** TO BE FILED WITH THE CLERK OF THE COURT AND A COPY OF SUCH FILING WAS SERVED IN THE MANNER INDICATED UPON THE FOLLOWING PARTIES' COUNSEL OF RECORD:

BY FAX TO:
ATTORNEY DANIEL GRIFFITH
1220 N. MARKET
WILMINGTON, DELAWARE
FAX 302-651-7905

BY: ISIDORE & BONNIE CORWIN, PRO SE
8608 SOCIETY DRIVE
CLAYMONT, DELAWARE 18703
PHONE/FAX: 302-798-5116



U.S. POSTAGE
PAID
ROCKLAND, DE
19720
MAY 09 07
AMOUNT
**$3.51**
00053372-0

CERTIFIED MAIL

USE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7006 0100 0003 8061 3599

Mr. & Mrs. Isidore Corwin
8608 Society Dr.
Claymont, DE 19703-1749

Peter Dalleo Clerk
U.S. District Court
844 N. King
Lobby "13" (Eighteen)
Wilmington, De. 19801-3570

**EXHIBIT 2**

DATED: MAY 11, 2007

ISIDORE AND BONNIE CORWIN
B'NAI B'RITH HOUSE
8000 SOCIETY DRIVE
APT. 608
CLAYMONT, DE 19703

PETER T. DALLEO, CLERK
U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE
844 NORTH KING STREET
LOCKBOX 18
WILMINGTON, DE 19801-3570

RE:  **CORWIN V. B'NAI B'RITH ET AL, CIVIL ACTION NO. 04-1499-GMS**


DEAR CLERK OF THE COURT ,

    PLEASE FIND ENCLOSED, FOR FILING PURPOSES, **PLAINTIFFS' SECOND PETITION TO AMEND COMPLAINT** WITH PLAINTIFFS' ATTACHED EXHIBITS AND ACCOMPANYING CERTIFICATE OF SERVICE.

    THANK YOU FOR YOUR ASSISTANCE.


SINCERELY,
ISIDORE AND BONNIE CORWIN, PRO SE
TELE/FAX 302-798-5116


RECEIVED
MAY 1 4 2007

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ISIDORE CORWIN AND BONNIE CORWIN (INFORMA PAUPERIS STATUS) | : | CIVIL ACTION |
| | : | |
| PLAINTIFFS, | : | |
| | : | |
| | : | **NO. 07-CV-152-***** |
| | : | JURY TRIAL DEMANDED |
| V. | : | |
| | : | |
| B'NAI B'RITH SENIOR CITIZEN HOUSING, INC., | : | |
| ET AL | : | |
| DEFENDANTS. | : | |

## PLAINTIFFS' SECOND PETITION TO AMEND COMPLAINT

PURSUANT TO LAR 15.1, PLAINTIFFS PETITION YOUR COURT TO AMEND THE ORIGINAL COMPLAINT, AND, IN RESPECT TO PLAINTIFFS' COMPLAINT IN RAISING THE COUNTS. PLAINTIFFS PETITION NOW TO RAISE AN ADDITIONAL COUNT AGAINST THE DEFENDANTS AND IN ORDER TO IMPOSE A VICARIOUS LIABILITY CLAIM AGAINST THE PROPOSED DEFENDANT REGARDING THE FAIR HOUSING ACT (42 USCS 3601 ET SEQ).

### LEGAL ARGUMENT

PLAINTIFFS BELIEVE THEY HAVE BEEN VICTIMS OF DISCRIMINATION UNDER THE FEDERAL AND STATE FAIR HOUSING ACTS IN THE DEFENDANTS' FLAG ORDINANCE WHICH AFFECTS TENANTS WITH A LARGER AMERICAN FLAG MESSAGE IN THE FLYING OF THEIR FLAG, WHERE DEFENDANTS' FLAG POLICY (THAT ALLEGEDLY FAVORS ONLY SMALLER FLAG DISPLAY IN THE FASHION OF A FLOWER POT ON BALCONIES), MOREOVER, MAKES NO ACCOMMODATION FOR TENANTS WITH LARGER AMERICAN FLAG MESSAGES AT THE SUBJECT FACILITY.

1

HENCE, DEFENDANTS' FLAG POLICY ALLEGEDLY SEGREGATES AND
DENIES TENANTS' MESSAGES ON THEIR BALCONIES WITH LARGER AMERICAN
FLAGS WITH LARGER MESSAGES; THE ALLEGED DISCRIMINATION RESULTING IN
TENANTS DISPLAYING THEIR OVERSIZE FLAGS WHEN DEFENDANTS' OFFICE
HOURS ARE NOT IN OPERATION. (AT EXHIBIT A & B).

THEREFORE, PLAINTIFFS WISH TO ADD TO THEIR HOUSING
DISCRIMINATORY COMPLAINT AN ADDITIONAL COUNT, UNDER THE HEADING
COUNT III, AT PAGE 19 OF THEIR ORIGINAL COMPLAINT, WORDED AS :


COUNT III

(VIOLATION OF FAIR HOUSING ACT, 42 U.S.C SECTION, ET SEQ. & DELAWARE FAIR
HOUSING ACT, 6 DEL.C. SECTION 4601, ET SEQ.)

97. PLAINTIFFS HEREBY INCORPORATE HEREIN BY REFERENCE OF COUNT I AND
COUNT II OF THIS COMPLAINT, SECTION 1-82, SECTION 85-92, AND SECTION 93-96,
WHERE THE ACTIONS OF DEFENDANTS CONSTITUTE UNLAWFUL NATIONAL
ORIGIN DISCRIMINATION AGAINST PLAINTIFFS AND OTHERS IN VIOLATION OF
THE FAIR HOUSING ACT, TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968, 42 U.S.C.
SECTION 3601, AND IN PARTICULAR (BUT WITHOUT LIMITATION) 42 U.S.C.
SECTION 3604 (A) OF THE FAIR HOUSING ACT AND WHERE DEFENDANTS' ACTIONS
VIOLATE THE DELAWARE FAIR HOUSING ACT, 6 DEL.C. SECTION 4601, ET SEQ
WHICH PROHIBITS DISCRIMINATION AGAINST ANY PERSON IN THE TERMS,
CONDITIONS OR PRIVILEGES OF SALE OR RENTAL OF A DWELLING, OR IN THE
PROVISION OF SERVICES OR FACILITIES IN CONNECTION THEREWITH, BECAUSE
OF...NATIONAL ORIGIN.

98. THE FLAG POLICY IS *VOID FOR VAGUENESS*, DEPRIVING PLAINTIFFS OF DUE
PROCESS OF LAW IN VIOLATION OF THE FIRST, FIRST, AND FOURTEENTH
AMENDMENT; THE FLAG POLICY IS *OVERBROAD* IN VIOLATION OF THE FIRST
AMENDMENT; THE FLAG POLICY *UNREASONABLY DISCRIMINATES BETWEEN
SIMILARLY SITUATED TENANTS BASED SOLELY ON THE SIZE-CONTENT OF THE
MESSAGES EXPRESSED*, IN VIOLATION OF THE FOURTEENTH AMENDMENT'S
EQUAL PROTECTION CLAUSE; THE FLAG POLICY *VIOLATES PLAINTIFFS' FREEDOM
OF SPEECH,...AND EXPRESSION* IN CONTRAVENTION OF ARTICLE I, SECTIONS 11
AND 19; THE FLAG POLICY IS *DEFENDANTS' ATTEMPT TO RESTRICT FLAGS TO THE
SIZE OF A FLOWER POT AND THE CONTINUING USE OF PLAINTIFFS' FLAG 3' X 5'
AMERICAN FLAG WHICH EXISTED PRIOR TO THE PASSAGE OF THE SEPTEMBER 18,
2006 FLAG POLICY*, VIOLATING THE FOURTEENTH AMENDMENT'S DUE PROCESS
CLAUSE AND *WITHOUT DUE PROCESS TO ACCOMMODATE LARGER FLAGS THAN
CANNOT FIT IN A FLOWER POT.*

99. DEFENDANTS' ACTIONS WERE BOTH WILLFUL AND MALICIOUS.

2

100. PLAINTIFFS REASONABLY FEAR THAT ABSENT JUDICIAL INTERVENTION BY WAY OF INJUNCTIVE RELIEF, THEY WILL BE IRREPARABLY HARMED BY FUTURE VIOLATION OF THEIR NATIONAL ORIGIN BELIEFS AND EXPRESSIONS AND IN THE MANNER PLEADED ABOVE.

THEREFORE, THE AMENDED COMPLAINT WOULD READ AT TOP OF PAGE 19:

* * * *

**COUNT III**
**(VIOLATION OF FAIR HOUSING ACT, 42 U.S.C SECTION, ET SEQ. & DELAWARE FAIR HOUSING ACT, 6 DEL.C. SECTION 4601, ET SEQ.)**

**97. PLAINTIFFS HEREBY INCORPORATE HEREIN BY REFERENCE OF COUNT I AND COUNT II OF THIS COMPLAINT, SECTION 1-82, SECTION 85-92, AND SECTION 93-96, WHERE THE ACTIONS OF DEFENDANTS CONSTITUTE UNLAWFUL NATIONAL ORIGIN DISCRIMINATION AGAINST PLAINTIFFS AND OTHERS IN VIOLATION OF THE FAIR HOUSING ACT, TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968, 42 U.S.C. SECTION 3601, AND IN PARTICULAR (BUT WITHOUT LIMITATION) 42 U.S.C. SECTION 3604 (A) OF THE FAIR HOUSING ACT ANDDEFENDANTS' ACTIONS VIOLATE THE DELAWARE FAIR HOUSING ACT, 6 DEL.C. SECTION 4601, ET SEQ WHICH PROHIBITS DISCRIMINATION AGAINST ANY PERSON IN THE TERMS, CONDITIONS OR PRIVILEGES OF SALE OR RENTAL OF A DWELLING, OR IN THE PROVISION OF SERVICES OR FACILITIES IN CONNECTION THEREWITH, BECAUSE OF...NATIONAL ORIGIN.**

**98. THE FLAG POLICY IS VOID FOR VAGUENESS, DEPRIVING PLAINTIFFS OF DUE PROCESS OF LAW IN VIOLATION OF THE FIRST, FIRST, AND FOURTEENTH AMENDMENT; THE FLAG POLICY IS OVERBROAD IN VIOLATION OF THE FIRST AMENDMENT; THE FLAG POLICY UNREASONABLY DISCRIMINATES BETWEEN SIMILARLY SITUATED TENANTS BASED SOLELY ON THE SIZE-CONTENT OF THE MESSAGES EXPRESSED, IN VIOLATION OF THE FOURTEENTH AMENDMENT'S EQUAL PROTECTION CLAUSE; THE FLAG POLICY VIOLATES PLAINTIFFS' FREEDOM OF SPEECH,...AND EXPRESSION IN CONTRAVENTION OF ARTICLE I, SECTIONS 11 AND 19; THE FLAG POLICY IS DEFENDANTS' ATTEMPT TO RESTRICT TO THE SIZE OF A FLOWER POT AND THE CONTINUING USE OF PLAINTIFFS' FLAG 3' X 5' WHICH EXISTED PRIOR TO THE PASSAGE OF THE SEPTEMBER 18, 2006 FLAG POLICY VIOLATING THE**

3

FOURTEENTH AMENDMENT'S DUE PROCESS CLAUSE WITHOUT DUE PROCESS
TO ACCOMMODATE LARGER FLAGS THAN CANNOT FIT IN A FLOWER POT.
99. DEFENDANTS' ACTIONS WERE BOTH WILLFUL AND MALICIOUS.
100.  PLAINTIFFS REASONABLY FEAR THAT ABSENT JUDICIAL INTERVENTION
BY WAY OF INJUNCTIVE RELIEF, THEY WILL BE IRREPARABLY HARMED BY
FUTURE VIOLATION OF THEIR NATIONAL ORIGIN BELIEFS AND EXPRESSIONS
AND IN THE MANNER PLEADED ABOVE.

### PRAYER FOR RELIEF
WHEREFORE,  PLAINTIFFS SEEK JUDGMENT BY THIS COURT AGAINST
DEFENDANTS, JOINTLY, AND SEVERALLY, FOR THE FOLLOWING RELIEF:

### AS TO COUNT I:
**A.**    AN AWARD OF COMPENSATORY AND PUNITIVE DAMAGES;

**B.**    REASONABLE ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 3613(C)(2);

**C.**    AN EFFECTIVE  PERMANENT INJUNCTION AGAINST FUTURE
DISCRIMINATORY ACTS BY DEFENDANTS;

**D.**    SUCH OTHER RELIEF AS THIS COURT MAY DEEM JUST AND PROPER.

### AS TO COUNT II:

**A.**    AN AWARED OF COMPENSATORY AND PUNITIVE DAMAGES;

**B.**    REASONABLE ATTORNEY'S FEES PURSUANT TO 6 DEL.C. § 4613(B)(3);

**C.**    AN EFFECTIVE PERMANENT INJUNCTION AGAINST FUTURE
DISCRIMINATORY ACTS BY DEFENDANTS;

**D.**    SUCH OTHER RELIEF AS THIS COURT MAY DEEM JUST AND PROPER.

4

## AS TO COUNT III:

**A.      AN AWARED OF COMPENSATORY AND PUNITIVE DAMAGES;**

**B.      REASONABLE ATTORNEY'S FEES PURSUANT TO 6 DEL.C. § 4613(B)(3);**

**C.      AN EFFECTIVE PERMANENT INJUNCTION AGAINST FUTURE DISCRIMINATORY ACTS BY DEFENDANTS;**

**D.      SUCH OTHER RELIEF AS THIS COURT MAY DEEM JUST AND PROPER.**

* * * *

RESPECTFULLY SUBMITTED,

ISIDORE CORWIN, PLAINTIFF PRO SE

B'NAI B'RITH HOUSE

APT 608

CLAYMONT, DE 19703-1749

PHONE/FAX 302-798-5116

BONNIE CORWIN, PLAINTIFF PRO SE

B'NAI B'RITH HOUSE

APT 608

CLAYMONT, DE 19703-1749

PHONE/FAX 302-798-5116

DATED    5 - 11 - 07

EXHIBIT (A): OVERSIZE FLAGS HANGING ON TENANTS' BALCONIES POST SEPT. '06 FLAG POLICY.

EXHIBIT (B): OVERSIZE FLAG HANGING ON TENANT'S BALCONY POST SEPT. '06  FLAG POLICY.

CORWIN V. B'NAI B'RITH SENIOR ET AL

<u>CASE NO. 07-152-***</u>

EXHIBIT A & B







# IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF DELAWARE

ISIDORE CORWIN AND BONNIE CORWIN                 :           CIVIL ACTION
(INFORMA PAUPERIS STATUS)

                      PLAINTIFFS,       :

                                     :
                                     :           **NO. 04-1499-GMS**
                                   :           JURY TRIAL DEMANDED

      V.       :

B'NAI B'RITH SENIOR CITIZEN HOUSING, INC.,       :
ET AL
                DEFENDANTS.       :

## CERTIFICATE OF SERVICE

     WE, ISIDORE AND BONNIE CORWIN, PRO SE, DO HEREBY CERTIFY THAT ON _____5-11-07_____, WE CAUSED THE ORIGINAL AND (1) COPY OF THE FOREGOING ***PLAINTIFFS' SECOND PETITION TO AMEND COMPLAINT*** TO BE FILED WITH THE CLERK OF THE COURT AND A COPY OF SUCH FILING WAS SERVED IN THE MANNER INDICATED UPON THE FOLLOWING PARTIES' COUNSEL OF RECORD:

<u>BY U.S.MAIL TO:</u>
ATTORNEY DANIEL GRIFFITH
1220 N. MARKET
WILMINGTON, DELAWARE
FAX 302-651-7905

                           *Isidore Corwin and Bonnie Corwin*
            BY:  ISIDORE & BONNIE CORWIN, PRO SE
                    8608 SOCIETY DRIVE
                    CLAYMONT, DELAWARE 18703
                    PHONE/FAX: 302-798-5116

**EXHIBIT 3**

Service: Get by LEXSEE®
Citation: 153 fed. appx. 860

153 Fed. Appx. 860, *; 2005 U.S. App. LEXIS 23793, **

EDWARD J. BARR, Appellant v. THE CAMELOT FOREST CONSERVATION ASSOCIATION, INC., A Pennsylvania Corporation; JERRY RIZZO, in his individual capacity and in his official capacity as President of the Camelot Forest Conservation Association, Inc.; GERALD MAZUR, in his individual capacity and in his official capacity as former President of the Camelot Forest Conservation Association, Inc.; CAROL GREELEY, in her individual capacity and in her official capacity as former Resident Manager for the Camelot Forest Conservation Association, Inc.; THE OFFICE OF THE DISTRICT ATTORNEY FOR THE COUNTY OF MONROE; MARK PAZUHANICH, in his official capacity as former District Attorney for the County of Monroe; LESLIE DUTCHCOT, in her individual capacity and in her official capacity as Assistant District Attorney; ROBERT J. SNELL, in his individual capacity and in his official capacity as a Stroud County Detective

NO. 05-2129

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

153 Fed. Appx. 860; 2005 U.S. App. LEXIS 23793

August 10, 2005, Submitted Under Third Circuit LAR 34.1(a)
November 3, 2005, Filed

**NOTICE: [**1]** RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** US Supreme Court certiorari denied by Barr v. Camelot Forest Conservation Ass'n, 2006 U.S. LEXIS 4545 (U.S., June 12, 2006)

**PRIOR HISTORY:** On Appeal From the United States District Court For the Middle District of Pennsylvania. (M.D. Pa. Civ. No. 04-cv-00911). District Judge: James M. Munley.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff real estate salesman filed a 42 U.S.C.S. § 1983 suit against defendants, an association and its members (association defendants) and a county detective, a district attorney's office, and two of its employees (county defendants), alleging that defendants had violated his U.S. Const. amends. I, XIV, rights. The salesman appealed after the United States District Court for the Middle District of Pennsylvania dismissed his complaint.

**OVERVIEW:** The salesmen alleged that association defendants violated his constitutional rights by enforcing restrictions on the posting of signs in a real estate development and that county defendants violated his constitutional rights by refusing to prosecute his private criminal complaint against association defendants. The district court held that the Rooker-Feldman doctrine precluded all of the salesman's claims, except for his claims under 18 U.S.C.S. §§ 241, 242, and 245, and that he lacked standing to assert civil claims under those criminal statutes. Although the court disagreed with the district court's Rooker-Feldman holding, it found that the complaint was properly dismissed under Fed. R. Civ. P. 12(b)(6). The court agreed with the district court's finding as to the saleman's

criminal statute claims. Association defendants could not be held liable in the 42 U.S.C.S. § 1983 suit because they were not state actors. The salesman had failed to allege sufficient facts showing that the detective or the district attorney's office had violated his constitutional rights. Prosecutorial immunity applied to the employees with regard to their decision not to prosecute association defendants.

**OUTCOME:** The court affirmed the district court's judgment dismissing the salesman's complaint.

**CORE TERMS:** deprivation, constitutionally protected right, federal criminal, state action, prosecutorial immunity, constitutional claim, motions to dismiss, failed to state, permission, prosecute

### LexisNexis(R) Headnotes ♦ Hide Headnotes

Civil Procedure > Judgments > Preclusion & Effect of Judgments > Full Faith & Credit > General Overview

**HN1** The Rooker-Feldman doctrine does not apply to federal actions that simply raise claims previously litigated in state court unless the federal action invites the federal court to overturn the state court judgment.  More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims
Civil Procedure > Appeals > Standards of Review > De Novo Review

**HN2** The United States Court of Appeals for the Third Circuit's review of a district court's order granting dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is plenary. The Third Circuit accepts as true all factual allegations in the complaint and will affirm a dismissal under Rule 12(b)(6) only if it is certain that no relief can be granted under any set of facts which could be proved.  More Like This Headnote

Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Speech > General Overview

**HN3** The First Amendment prohibits governmental, not private, infringement of free speech.  More Like This Headnote

Constitutional Law > Substantive Due Process > General Overview

**HN4** The Fourteenth Amendment prohibits the state, not private individuals, from depriving any person of a constitutionally protected right.  More Like This Headnote | *Shepardize: Restrict By Headnote*

Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Speech > General Overview
Constitutional Law > Substantive Due Process > General Overview

**HN5** As a threshold matter, in order to make out a constitutional claim under the First and Fourteenth Amendments, a plaintiff must allege state action.  More Like This Headnote

Civil Rights Law > Section 1983 Actions > Elements > General Overview

**HN6** Under 42 U.S.C.S. § 1983, a plaintiff must show that the alleged deprivation was committed by a person acting under color of state law, in addition to alleging a deprivation of a constitutionally protected right.  More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims
Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Speech > General Overview
Constitutional Law > Substantive Due Process > General Overview
Civil Rights Law > Section 1983 Actions > Elements > Color of State Law > General Overview

**HN7** Absent any state action, a district court properly dismisses a plaintiff's U.S. Const. amends. I, XIV, claims and 42 U.S.C.S. § 1983 claims for failure to state a claim

upon which relief may be granted.  More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Rights Law > Immunity From Liability > Court Personnel & Judges 📖
Governments > Local Governments > Employees & Officials 📖
Torts > Public Entity Liability > Immunity > General Overview 📖

**HN8**⬇Prosecutorial immunity protects district attorneys from interference with their ability to exercise independent judgment when deciding which suits to bring and in conducting them in court.  More Like This Headnote

Civil Rights Law > Immunity From Liability > Local Officials > Customs & Policies 📖
Governments > Local Governments > Claims By & Against 📖

**HN9**⬇A 42 U.S.C.S. § 1983 suit against a county district attorney's office fails where the complaint is completely devoid of any allegation that an official policy, custom, or practice caused the alleged deprivation of the plaintiff's constitutional rights.  More Like This Headnote

**COUNSEL:** EDWARD J. BARR, Appellant, Pro se, Pocono Lake, PA.

For THE CAMELOT FOREST CONSERVATION ASSOCIATION, INC., A Pennsylvania Corporation, JERRY RIZZO, in his individual capacity and in his official capacity as President of the Camelot Forest Conservation Association, Inc., GERALD MAZUR, in his individual capacity and in his official capacity as former President of the Camelot Forest Conservation Association, Inc., CAROL GREELEY, in her individual capacity and in her official capacity as former Resident Manager for the Camelot Forest Conservation Association, Inc., Appellees: Janet M. Catina, Stroudsburg, PA.

For DA MONROE, MARK PAZUHANICH, in his official capacity as former District Attorney for the County of Monroe, LESLIE DUTCHCOT, in her individual capacity and in her official capacity as Assistant District Attorney, ROBERT J. SNELL, in his individual **[**2]** capacity and in his official capacity as a Stroud County Detective, Appellees: Gerard J. Geiger, Newman, Williams, Mishkin, Corveleyn, Wolfe & Fareri, Stroudsburg, PA.

**JUDGES:** BEFORE: ROTH, McKEE and ALDISERT, CIRCUIT JUDGES.

**OPINION:**

**[*861]** PER CURIAM

Edward J. Barr appeals the order of the United States District Court for the Middle District of Pennsylvania granting the defendants' motions to dismiss his civil rights complaint pursuant to Federal Rule of Civil Procedure 12(b).

The underlying facts are well-known to the parties and are fully set forth in the District Court's Memorandum Opinion. We note only that Barr filed a complaint in the District Court in April 2004, which was amended in June 2004. Barr claimed that the named members of the Camelot Forest Preservation Association (the "Camelot defendants") arbitrarily invoked an old deed restriction common to all properties in the Camelot Forest development that prohibited the posting of "for sale" and/or "for rent" signs on properties without written permission of the Association. Barr continued to place for sale signs on Camelot Forest properties despite written notice from the Camelot defendants **[**3]** revoking their permission for him to do so. He contends that the Camelot Defendants stole and destroyed his for sale signs on at least eighty-eight separate occasions since 1998. Barr complained to the Pocono Mountain Regional Police Department about the alleged criminal activity. However, the police did not arrest or charge anyone. Barr then sought to lodge a private

criminal complaint against the Camelot defendants that County Detective Snell and the Monroe County District Attorneys (collectively the "County defendants") refused to prosecute. Barr alleged that the Camelot defendants' actions resulted in lost sales and business opportunities. He claimed that his First and Fourteenth Amendment rights were violated; he sought declaratory and injunctive relief under 18 U.S.C. §§ 241, [*862] 242 and 245 and 42 U.S.C. § 1983.

The defendants filed separate Rule 12(b) motions to dismiss. Both sets of defendants claimed that Barr's action was barred by the Rooker-Feldman Doctrine and by the Younger abstention, and that Barr failed to state a constitutional claim. The County defendants also claimed prosecutorial immunity. The District Court granted [**4] the dismissal motions, holding that the Rooker-Feldman Doctrine precluded all of Barr's claims except the alleged violations of federal criminal statutes, 18 U.S.C. §§ 241, 242 and 245. n1 The District Court dismissed the federal criminal statute claims because §§ 241, 242, and 245 are criminal offenses for which there is no civil remedy, and therefore, Barr lacked standing to bring them. Barr filed a timely appeal.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 We disagree that Rooker-Feldman precludes this action. *HN1* The doctrine does not apply to federal actions that simply raise claims previously litigated in state court unless the federal action invites the federal court to overturn the state court judgment. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 161 L. Ed. 2d 454, 125 S. Ct. 1517 (2005). Although Barr's initial complaint appears to have presented such an invitation to the District Court, the amended complaint does not. Because it was not raised below, we decline to decide whether res judicata would have precluded Barr's federal claims.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [**5]

We have jurisdiction pursuant to 28 U.S.C. § 1291, and *HN2* our review of the District Court's order granting dismissal pursuant to Rule 12(b)(6) is plenary. See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). We accept as true all factual allegations in the complaint and will affirm a dismissal under Rule 12(b)(6) only if it is certain that no relief can be granted under any set of facts which could be proved.Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris Inc., et al., 171 F.3d 912, 919 (3rd Cir. 1999).

After a careful and independent review of the record, we will affirm judgment on the federal criminal statute claims as to all of the defendants for the reasons stated by the District Court in its memorandum opinion. As for the remaining claims, we will affirm dismissal in the defendants' favor on alternate grounds as further discussed below. See Univ. of Md. v. Peat Marwick Main & Co., 923 F.2d 265, 275 (3d Cir. 1991).

*HN3* The First Amendment prohibits governmental, not private, infringement of free speech. Hudgens v. NLRB, 424 U.S. 507, 513, 96 S. Ct. 1029, 47 L. Ed. 2d 196 (1976). Similarly, [**6] *HN4* the Fourteenth Amendment prohibits the state, not private individuals, from depriving any person of a constitutionally protected right. Shelley v. Kraemer, 334 U.S. 1, 13, 68 S. Ct. 836, 92 L. Ed. 1161 (1948). Thus, *HN5* as a threshhold matter, in order to make out a constitutional claim under the First and Fourteenth Amendments, Barr must allege state action. Likewise, *HN6* under § 1983, Barr must show that the alleged deprivation was committed by a person acting under color of state law, in addition to alleging a deprivation of a constitutionally protected right. West v. Atkins, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995). Assuming all of Barr's allegations to be true, as we must, we conclude that there is no

set of facts from which we can infer state action on the part of the Camelot defendants. Here, acting on their own, without any state involvement, the Camelot defendants revoked their permission allowing Barr to place for sale signs on development properties and engaged in private enforcement of the regulation. *HN7* Absent any state action, the District Court properly dismissed the constitutional claims **[**7]** and § 1983 claims against the Camelot defendants for failure to state a claim upon which relief may be granted.

As for the County defendants, Barr asserts that the former and current District Attorneys for Monroe County wrongly refused to prosecute his private criminal complaint against the Camelot defendants. Assuming that Barr has alleged the violation of a constitutionally protected right, *HN8* prosecutorial immunity protects the District Attorneys from interference with their ability to exercise independent judgment "when deciding which suits to bring and in conducting them in court." Imbler **[*863]** v. Pachtman, 424 U.S. 409, 424, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). As for Detective Snell, Barr failed to state a claim of a deprivation of a constitutional right against him for assisting the District Attorney in handling Barr's private complaint. Finally, Barr's *HN9* suit against the Monroe County Office of District Attorney fails because the amended complaint is completely devoid of any allegation that an official policy, custom, or practice caused the alleged deprivation. See Monell v. Dep't of Social Services, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

For the foregoing **[**8]** reasons, we will affirm the District Court's judgment dismissing all of Barr's claims as to all defendants.

Service: **Get by LEXSEE®**
Citation: **153 fed. appx. 860**
View: Full
Date/Time: Tuesday, May 22, 2007 - 4:07 PM EDT

* Signal Legend:
 - Warning: Negative treatment is indicated
 - Questioned: Validity questioned by citing refs
 - Caution: Possible negative treatment
 - Positive treatment is indicated
 - Citing Refs. With Analysis Available
 - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

 LexisNexis®    About LexisNexis  | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.