ISIDORE & BONNIE CORWIN.8608 SOCIETY DRIVE.CLAYMONT. DE 19703-1749.TELE..302-798-5116.VOICE AND FAX

TO: MAGISTRATE JUDGE MARY PAT THYNGE
U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE
844 NORTH KING STREET
WILMINGTON, DELAWARE 19801
TELEPHONE 573-6173

FROM: ISIDORE AND BONNIE CORWIN, PLAINTIFFS, PRO SE

CASE NAME: CORWIN V. B'NAI B'RITH ET AL

CASE NUMBER: 1:07-CV-152-***

RE: MAY 22, 2007 LETTER TO THE HONORABLE MAGISTRATE FROM DEFENDANTS' COUNSEL.

DEAR MAGISTRATE THYNGE:

SINCE CASE NO. 07-CV-152-***, ASSIGNED TO THE VACANT JUDICIAL POSITION, IS NOW BEING REFERRED TO YOUR HONORABLE MAGISTRATE FOR ALL PRETRIAL PROCEEDINGS, AND IN PLAINTIFFS' RECEIVING THEIR COPY OF A MAY 22, 2007 LETTER ADDRESSED TO YOUR HONORABLE MAGISTRATE FROM DEFENDANTS' COUNSEL, WE WANT TO MAKE NOTE OF WHAT LOOKS LIKE TO BE INACCURATE ASSUMPTIONS MADE BY DEFENDANT COUNSEL IN THE LETTER:

- (AT 5.22.07 LETTER, P.1, PARA 4) COUNSEL STATES THAT IF WILMINGTON LODGE 470, B'NAI B'RITH, INC., WAS ADDED AS A PARTY DEFENDANT, IT WOULDN'T ADD ANYTHING TO THE CASE TO THE EXTENT OF...CONSTITUTIONAL ARGUMENTS. HERE, WE BELIEVE COUNSEL IS ASSUMING CONSTITUTIONAL ARGUMENT IS *THE* EXTENT OF THE ONLY ARGUMENT IN THE CASE. HOWEVER, PLAINTIFFS' ORIGINAL COMPLAINT *IS A* FAIR HOUSING COMPLAINT AND IN RESPECT TO THE ALLEGEDLY EXCESSIVE DEFENDANTS' FLAG POLICY AT THE HUD SUBSIDIZED B'NAI B'RITH HOUSE.

- (AT 5.22.07 LETTER, P.2, PARA 2) COUNSEL STATES AS OF NOVEMBER 4, 2005, PLAINTIFFS KNEW THE INFORMATION (THAT WILMINGTON LODGE 470, B'NAI B'RITH, INC. WAS AN OWNER OF THE B'NAI B'RITH HOUSE). THIS INFORMATION IS INACCURATE. PLAINTIFFS DID NOT BECOME AWARE OF SUCH UNTIL, WHILE PERSONALLY REVIEWING THE PLEADINGS OF THE RELATED U.S. DISTRICT COURT CASE IN 2006, CASE NO. 04-1499. FURTHERMORE, THE REASON WHY WILMINGTON LODGE 470, B'NAI B'RITH, INC. WAS NOT ORIGINALLY INCLUDED AS A DEFENDANT IN THE PRESENT ACTION, EVEN THOUGH ITS NAME IS NECESSARY FOR CULPABILITY REASONS, WAS ON THE ADVICE OF A PARTICULAR SEASONED-ATTORNEY IN "JOINDER" OF OTHER DEFENDANTS IN ACTIONS, AS TO NOT CONFUSE THE COURT WITH THE RELATED CASE UPON FILING, CASE 04-1499.

1

- (AT 5.22.07 LETTER, P.2, PARA 5) COUNSEL STATES <u>THAT ACTION 1:07-CV-152-*** SHOULD BE DISMISSED BECAUSE DEFENDANTS' FLAG POLICY IS *UNIFORM* AS TO ALL TENANTS AND NATIONAL ORIGINS SUCH THAT THE FEDERAL AND FAIR HOUSING ACTS ARE NOT VIOLATED</u>. THIS STATEMENT IS INCORRECT. PLAINTIFFS ALLEGE DEFENDANTS' FLAG POLICY IS *NOT* UNIFORM TO *ALL* TENANTS - AS PLAINTIFFS' AND OTHERS' LARGER FLAGS, AND IN PARTICULAR, *AMERICAN FLAGS* WITH LARGER MESSAGES, ARE EXEMPT FROM DEFENDANTS' FLAG POLICY, AND, THEREBY, THE DEFENDANTS' FLAG POLICY ALLEGEDLY *VIOLATES* THE FEDERAL AND FAIR HOUSING ACTS WHERE: 1) TENANTS ARE NOT TO BE TREATED DIFFERENTLY WHERE DEFENDANTS' FLAG POLICY ALLOWS PATIO UMBRELLAS BUT NOT *AMERICAN FLAGS* TO HANG ON BALCONIES, AND 2) THE FLAG POLICY PERMITS TENANTS WITH SMALLER FLAGS WITH SMALLER MESSAGES TO BE ON DISPLAY ON BALCONIES, BUT MAKES NO ALLOWANCES FOR TENANTS' LARGER *AMERICAN FLAGS* WITH LARGER MESSAGES ON BALCONIES.

- (AT 5.22.07 LETTER, P.2, PARA 5) COUNSEL STATES <u>PLAINTIFFS ADMIT THE FLAG POLICY IS UNIFORM TO THE "SIZE" OF ALLOWABLE FLAGS</u>. THIS STATEMENT IS INCORRECT. PLAINTIFFS ALLEGE THE FLAG POLICY IS *RESTRICTIVE AND NOT* UNIFORM TO THE "SIZE" OF ALLOWABLE FLAGS ON BALCONIES IN THAT IT DENIES PLAINTIFFS AND OTHERS THE ABILITY TO FLY THEIR LARGER *AMERICAN FLAG* WITH A LARGER MESSAGE ON THEIR BALCONIES.

- (AT 5.22.07 LETTER, P.2, PARA 5) COUNSEL STATES THAT <u>THE FLAG POLICY APPLIES *EQUALLY* TO ALL TENANTS AND ALL NATIONAL ORIGIN</u>. PLAINTIFFS BELIEVE THE STATEMENT TO BE INCORRECT. THE FLAG POLICY ALLEGEDLY AND NEGATIVELY *AFFECTS* A PARTICULAR *CLASS* OF INDIVIDUALS…TENANTS, *AMERICAN CITIZENS*, WHOSE LARGER *AMERICAN FLAGS* WITH A LARGER MESSAGE ARE NOT ACCOMMODATED IN DEFENDANTS' FLAG POLICY (ONLY THOSE FLAGS THAT CAN FIT IN A "FLOWER POT" FOR DISPLAY ON BALCONIES), AND WHERE THE FLAG POLICY AFFECTS OTHERS TO THE POINT WHERE OTHERS ARE HAVING TO DISPLAY THEIR LARGER *AMERICAN FLAG* WITH A LARGER MESSAGE WHEN OFFICE HOURS ARE NOT IN OPERATION AT THE B'NAI B'RITH HOUSE.

- (AT 5.22.07 LETTER, P.3, PARA 1) COUNSEL STATES <u>"PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' REPLY BRIEF" SHOULD BE DISALLOWED AND NOT CONSIDERED BY THE COURT</u>. PLAINTIFFS CAN ONLY CAN SAY THAT PLAINTIFFS, PRO SE, *PLACED* A PHONE CALL TO INQUIRE AT A REGIONAL *LEGAL* OFFICE WHETHER IT WAS APPROPRIATE TO FILE THIS PARTICULAR BRIEF. IF PLAINTIFFS WERE GIVEN WRONG INFORMATION, PLAINTIFFS APOLOGIZE. MOREOVER, DEFENDANTS CONTEND PLAINTIFFS, IN THEIR BRIEF, SOLELY ADVANCE CONSTITUTIONAL ARGUMENTS. WE AGREE WITH THE STATEMENT. PLAINTIFFS, IN HAVING TO *COUNTER* DEFENDANTS' "MOTION TO DISMISS", WHERE DEFENDANTS' *ONLY* ZEROED IN ON A *CONSTITUTIONAL ARGUMENT*, IS WHERE PLAINTIFFS HAD TO ARGUE THE CONSTITUTIONAL POINT IN SUIT'S SURVIVAL OF THE "MOTION TO DISMISS".

- (AT 5.22.07 LETTER, P.3, LAST PARA) COUNSEL STATES "DEFENDANTS RESPECTFULLY REQUEST A SCHEDULING TELECONFERENCE, WITH YOUR HONOR AND PLAINTIFFS, TO ESTABLISH A SCHEDULING ORDER. DEFENDANTS OFFER TO INITIATE THE TELECONFERENCE ON THE CHOSEN DATE." PLAINTIFFS ARE IN AGREEMENT. PLAINTIFFS WILL BE HAPPY TO PROVIDE ADDITIONAL INFORMATION TO THE COURT AT THAT TIME, IF THE COURT ORDERS A TELECONFERENCE. (NOTE: PLAINTIFFS HAVE AN APPOINTMENT THAT CAN'T BE MOVED EVERY TUESDAY AND WEDNESDAY WITH DELAWARE HOSPICE, AS MY HUSBAND RECEIVES MEDICAL CARE THESE TWO DAYS AT HOME; ( A "FLOATING" HOSPICE VOLUNTEER IS SCHEDULED FOR DOCTORS, ETC. FOR MY HUSBAND EVERY WEEK ON THURSDAY OR FRIDAY, WITH A CARDIOLOGY APPOINTMENT ALREADY SCHEDULED FOR JUNE 7, 2007, THAT COULD BE MOVED, IF NECESSARY). NO OTHER MEDICAL APPOINTMENTS HAVE BEEN MADE YET FOR JUNE OR JULY.

RESPECTFULLY SUBMITTED,

*Isidore Corwin POA*  *Bonnie Corwin*
ISIDORE AND BONNIE CORWIN, PLAINTIFFS PRO SE
INFORMA PAUPERIS STATUS

DATED: MAY 25, 2007

CC: DANIEL A. GRIFFITH, COUNSEL FOR DEFENDANTS B'NAI B'RITH SENIOR; SPM, INC.; LYNN ROTAN.



WILMINGTON DE 197
25 MAY 2007 PM 1 T

Mr. Isidore Corwin
8608 Society Dr.
Claymont, DE 19703



Magistrate Judge Mary Pat Thynge
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, De 19801

