IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ISIDORE CORWIN and BONNIE      :
CORWIN,                        :
                               :
          Plaintiffs,          :
                               :
     v.                        :   Civil Action No. 07-152-JJF
                               :
B'NAI B'RITH SENIOR CITIZEN    :
HOUSING, INC., SOUTHEASTERN    :
PROPERTY MANAGEMENT, INC.      :
LYNNE ROTAN, an agent, servant :
or employee of B'Nai B'Rith    :
Senior Citizen Housing, Inc.,  :
and WILMINGTON LODGE 470,      :
B'NAI B'RITH INC.,             :
                               :
          Defendants.          :

Isidore Corwin and Bonnie Corwin, Claymont, Delaware.    FPro se
Plaintiffs.


Daniel A. Griffith, Esquire, Marshall, Dennehey, Warner, Coleman
& Goggin, Wilmington, Delaware.

Attorney for Defendants B'Nai B'Rith Senior Citizen Housing,
Inc., Southeastern Property Management, Inc. and Lynn Rotan.


MEMORANDUM OPINION


June 13, 2007
Wilmington, Delaware

Farnan, District Judge

Plaintiffs Isidore Corwin and Bonnie Corwin ("Plaintiffs")
filed this lawsuit alleging violations of the Fair Housing Act,
42 U.S.C. §§ 3601-3631, and the Delaware Fair Housing Act, Del.
Code Ann. tit. 6, §§ 4600-4619.  Plaintiffs allege they were
discriminated against on the basis of their national origin.
Plaintiffs appear _pro se_ and were granted _in forma pauperis_
status pursuant to 28 U.S.C. § 1915.  (D.I. 6.)

For the reasons discussed below, the Court will dismiss,
without prejudice, the Complaint and its Amendments for failure
to state a claim upon which relief may be granted pursuant to 28
U.S.C. § 1915(e)(2)(B).  The Court will deny Plaintiffs' Motion
To Appoint Counsel, and will deny as moot Defendants' B'Nai
B'rith Senior Citizen Housing, Inc., Southeastern Property
Management, Inc., and Lynn Rotan's Motion To Dismiss.  (D.I. 3,
7.)

I.  PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs filed their Complaint and Motion For Leave To
Proceed _In Forma Pauperis_ on March 15, 2007, and at the same time
submitted USM-285 forms to effect service of Defendants.  (D.I.
2.)  Because Plaintiffs are _pro se_ and were granted _in forma
pauperis_ status, pursuant to 28 U.S.C. § 1915 the Court conducts
a screening of the Complaint and its Amendments to determine if
the matter should proceed to service.  However, before the

-1-

Complaint could be screened, Defendants B'Nai B'Rith Senior
Citizen Housing, Inc., Southeastern Property Management, Inc. and
Lynn Rotan filed a Motion To Dismiss pursuant to Fed. R. Civ. P.
12(b)(6) for failure to state a claim upon which relief may be
granted.[1]  (D.I. 7.)  Plaintiffs filed a Response to the Motion.
(D.I. 9.)  Regardless of the pending Motion To Dismiss, the Court
follows its usual procedure and will screen the Complaint and its
Amendments in accordance with 28 U.S.C. § 1915.  (D.I. 2, 10,
13.)

     Plaintiffs are residents of a rental apartment at the B'Nai
B'Rith House Apartments in Claymont, Delaware, and have been
tenants there since September 24, 1992.  (D.I. 2, ¶¶ 1-2, 10,
32.)  Following the September 11, 2001 terrorist attacks and
after giving notice to the tenants, Defendant Lynn Rotan
("Rotan"), the property manager for the B'Nai B'Rith House
Apartments, placed United States flags on each balcony of the
facility where they remained around the clock until October 17,
2004, when Rotan directed maintenance to remove the flags because
they had become "wore [sic] and tattered."  Id. at ¶¶ 34, 40.
Plaintiffs allege that they, as well as other tenants, replaced
the removed flags with ones of their own and hung the United
States flag on certain national holidays.  Id. at ¶¶ 43, 44.

---

[1]Although certain Defendants have filed motions in this
case, the file and docket sheet do not indicate that Defendants
have been served.

Management also displayed a United States flag at the facility.
Id. at 45.

Plaintiffs allege that beginning July 27, 2006, they have
been discriminated against on the basis of their national origin
in the hanging of a United States flag on their rented balcony at
their apartment.  Id. at 10.  Plaintiffs allege that on September
9, 2006, they requested permission from Rotan to hang a United
States flag on their balcony.  Id. at ¶¶ 13, 48.  Plaintiffs
allege that Rotan responded in writing to Plaintiffs and all
tenants that "tenants cannot hang flags on their balconies, and
for all tenants, including Plaintiffs, to promptly remove their
flags from their balconies" for safety reasons.  Id. at ¶¶ 14,
49.

Plaintiffs allege that in the face of "other tenants'
protests" Rotan "promulgated new rules on September 18, 2006,. .
.to all tenants. . .that tenants cannot hang flags, but may put a
flag on a stick in a flower pot or may drape a flag on a chair on
tenants' respective balconies."  Id. at ¶ 15.  Plaintiffs allege
that while tenants are not allowed to hang flags on their balcony
rails, they are permitted to hang patio umbrellas on poles
strapped to their balconies.  Id. at ¶¶ 18, 19.  Plaintiffs
allege that they sought, and were denied, permission to hang
their United States flag on their balcony rail in observance of
Veterans' Day 2006.  Id. ¶ 21-22.  Plaintiffs allege that on that

-3-

day the tenants were permitted to hang other items on their
respective balconies. Id. at ¶ 50. Plaintiffs wrote a second
letter to Rotan regarding United States flags on tenants' private
balconies, and were told that "we have a rule that you cannot
attach anything to the balcony. . .(the flag) cannot be attached
or affixed to the balcony rail." Id. at ¶¶ 24, 25. Plaintiffs
allege the flag policy is excessive and unfair. Id. at ¶ 80.
Finally, Plaintiffs allege that a notice was published to all
tenants threatening eviction for non-compliance with Defendants'
policies. Id. at ¶ 81.

The Complaint also contains allegations of Rotan's conduct
beginning in the early 1990's and up through 2006, none of which
is related to displaying the United States flag. Id. at ¶¶ 56-
76. Certain allegations also relate to a separate lawsuit filed
by Plaintiffs, Corwin v. B'nai B'rith Senior Citizen Hous., Inc.,
Civ. Action No. 04-1499-GMS (D. Del.), appeal dismissed pursuant
to 28 U.S.C. § 1915(e)(2)(B), No. 06-2362, 212 Fed. Appx. 119,
2007 WL 57168 (3d Cir. 2007).

Plaintiffs allege Defendants' actions constitute unlawful
national original discrimination in violation of the Fair Housing
Act, specifically 42 U.S.C. § 3604(a) and (b), and the Delaware
Fair Housing Act, Del. Code Ann. tit. 6, § 4601. (D.I. 2, ¶¶ 84,
93, D.I. 13, ¶ 97.) They allege that as citizens of the United
States of America they are members of a protected class, and they

-4-

were discriminated against because they were banned from hanging

a United States flag on their balcony rail when other tenants

were permitted to hang patio umbrellas and "other such hangings"

on their balconies.  Id. at ¶¶ 85, 86.  Plaintiffs allege

Defendants refused to accommodate their request and instead

instructing tenants to place flags in a flower pot.  Id. at ¶ 88.

Finally, they allege a violation of the Fair Housing Act because

the flag policy is void for vagueness, overly broad, unreasonably

discriminates against similarly situated tenants, violates

Plaintiffs' rights to free speech, and violates Plaintiffs' right

to due process.  Plaintiffs seek declaratory and injunctive

relief and compensatory and punitive damages.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915

provides for dismissal under certain circumstances.  Section

1915(e)(2)(B) provides that the Court may dismiss a complaint, at

any time, if the action is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief

from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the

plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  The

Court must "accept as true factual allegations in the complaint

and all reasonable inferences that can be drawn therefrom."  Nami

v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of

-5-

Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is
frivolous if it "lacks an arguable basis either in law or in
fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the
claims "are of little or no weight, value, or importance, not
worthy of serious consideration, or trivial." Deutsch v. United
States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro
se complaint can only be dismissed for failure to state a claim
when "it appears 'beyond doubt that the plaintiff can prove no
set of facts in support of his claim which would entitle him to
relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting
Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**III. ANALYSIS**

   **A.  Fair Housing Act**

   Plaintiffs' main claims are brought under the Fair Housing
Act ("FHA"), Title VIII of the Civil Rights Act of 1968, 42
U.S.C. §§ 3601-3631, particularly §§ 3604(a) and 3604(b). The
FHA prohibits "both direct discrimination and practices with
significant discriminatory effects" on the availability of
housing.  See Southend Neighborhood Improvement Ass'n v. County
of St. Clair, 743 F.2d 1207, 1209 (7th Cir. 1984). Section
3604(a) makes it unlawful to refuse to sell or rent after the
making of a bona fide offer, or to refuse to negotiate for the
sale or rental of, or otherwise make unavailable or deny, a
dwelling to any person because of race, color, religion, sex,

-6-

familial status, or national origin.  Section 3604(b) of the FHA
makes it unlawful to discriminate against any person in the
terms, conditions, or privileges of sale or rental of a dwelling,
or in the provision of services or facilities in connection
therewith, because of race, color, religion, sex, familial
status, or national origin.  42 U.S.C. § 3604(b).  The FHA
demands that tenants be able to secure an apartment on a
nondiscriminatory basis, and also guarantees tenants the right to
equal treatment once they have become residents of that housing.
Inland Mediation Bd. v. City Pomona, 158 F.Supp.2d 1120, 1148
(C.D. Cal. 2001).

    A violation of the Fair Housing Act under § 3604(a) may be
established by showing that the challenged actions were either
(i) motivated by intentional discrimination or (ii) resulted in a
discriminatory effect, even absent evidence of a discriminatory
motive.  Doe v. City of Butler, 892 F.2d 315, 323 (3d Cir. 1989);
Resident Advisory Bd. v. Rizzo, 564 F.2d 126, 142 (3d Cir. 1977).
To establish a prima facie case predicated upon § 3604(b)
Plaintiffs must make a modest showing that a member of a
statutorily protected class was not offered the same terms,
conditions or privileges of rental of a dwelling or not provided
the same services or facilities in connection therewith made
available to others under circumstances giving rise to a
reasonable inference of prohibited discrimination.  See United

-7-

<u>States v. Balistrieri</u>, 981 F.2d 916, 929 (7th Cir. 1992).  After reviewing the Complaint and its Amendments, the Court finds that the allegations fail to state a claim under the FHA inasmuch as Plaintiffs are not members of a protected national origin classification, they seek recovery for conduct not covered under § 3406(a) and (b), and the Complaint and its Amendments fail to allege discriminatory effect.

### 1.  National Origin

Plaintiffs allege they are members of a protected class set forth in the FHA, in that they are citizens of the United States of America.  "National origin" usually refers to the "country where a person was born, or, more broadly, the country from which his or her ancestors came."  <u>Storey v. Burns Int'l Sec.</u>, 390 F.3d 760, 762 n.3 (3d Cir. 2004) (quoting <u>Espinoza v. Farah Mfg. Co., Inc.</u>, 414 U.S. 86, 88 (1973)).  In some cases, courts have been willing to expand the concept of "national origin" to include claims from persons based upon the unique historical, political and/or social circumstances of a given region.  <u>Id</u>. (citations omitted).  The prohibition of discrimination based on "national origin" does not prohibit discrimination on the grounds of citizenship.  <u>See</u> <u>Espinoza</u>, 414 U.S. at 89 (In Title VII claims, "Congress did not intend the term 'national origin' to embrace citizenship requirements.")  Plaintiffs do not claim discrimination based upon their national origin which is

-8-

determined by their ancestry, but rather, they claim
discrimination based upon their status as citizens of the United
States of America.  The Complaint and its Amendments do not
contain facts under which Plaintiffs establish discrimination
based upon their national origin, and therefore, dismissal, on
this basis alone, is appropriate.

### 2.  Sections 3604(a) and (b)

Plaintiffs allege discrimination under § 3604(a) and (b).
With regard to § 3604(a), there are no allegations that
Defendants did not make unavailable or deny a dwelling to
Plaintiffs within the meaning of the Fair Housing Act.
Plaintiffs attempt to raise numerous theories under § 3604(a),
including free speech, equal protection, and due process
violations.  Indeed, they appear to allege that 3604(a) reaches
any and all practices affecting their housing.  The text of the
statute, however, does not extend so far.

As to § 3604(b), Plaintiffs' claim does not revolve around
the terms, conditions, or privileges of rental of their dwelling.
The language in this portion of § 3406(b) relates to the contract
between the lessor and lessee, and addresses the situation where
a lessor imposes extra conditions on a lease based upon a
protected characteristic of the lessee.  See Edwards v. Media
Borough Council, 430 F.Supp.2d 445, 452 (E.D. Pa. 2006).  Nor do
the allegations of the Complaint and its Amendments fall under

-9-

the "provision of services."  Two circuits, the Fourth and
Seventh, have held that "services or facilities" under § 3406(b)
refer to "services generally provided by governmental units such
as police and fire protection or garbage collection."  Id. at 453
(citations omitted).  Plaintiffs seek recovery for the alleged
conduct by Defendants that is not covered under § 3406(a) or (b).

### 3.    Discriminatory Effect

A Title VIII claim must rest upon a showing that the
challenged action by a defendant had a discriminatory effect.
Resident Advisory Bd. v. Rizzo, 564 F.2d 126, 148 (3d Cir. 1977).
"Discriminatory effect may be proved by showing either 'adverse
impact to a particular minority group' or 'harm to the community
generally by the perpetuation of segregation.'"  Koorn v. Lacey
Twp., No. 03-1231, 78 Fed. Appx. 199, 206 (3d Cir. Oct. 17, 2003)
(citations omitted).  The Complaint and its Amendments are clear
that as to the flag display issue, Plaintiffs were treated the
same as all the tenants in their building.  Plaintiffs make
numerous references that all tenants were subjected to the same
rules for display of flags.  While Plaintiffs may not like the
flag display rules, they are allowed to display the flag.  More
important, the Complaint and its Amendments fail to allege
Plaintiffs suffered disparate treatment as a result of the
alleged actions of Defendants.

-10-

Because the allegations indicate that Plaintiffs were treated similarly to all other tenants on the issue of displaying the American flag, the Court concludes that Plaintiffs cannot sustain their claims under the Fair Housing Act.  Therefore, the Court will dismiss without prejudice the claims in Counts I and III of the Complaint and its Amendments brought under the Fair Housing Act, 42 U.S.C. §§ 3601-3631 for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B.  Supplemental State Claims

Because Plaintiffs' federal claims will be dismissed, the Court declines to exercise jurisdiction over Plaintiffs' remaining supplemental state law claims raised under the Delaware Fair Housing Act.  28 U.S.C. § 1367; De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003).

### C.   Motion To Appoint Counsel

Plaintiffs move for appointed counsel because they "cannot adequately represent themselves in this matter."  (D.I. 3.)  The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte."  Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).  It is within the Court's discretion to seek representation by counsel for Plaintiffs, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial

-11-

prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

As discussed above, Plaintiffs' case lacks an arguable basis either in law or in fact, and the case will be dismissed. Therefore, the Court will deny Plaintiffs' Motion To Appoint Counsel. (D.I. 3.)

## IV.  CONCLUSION

For the reasons discussed above, the Court will dismiss, without prejudice, the Complaint and its Amendments for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will deny the Motion To Appoint Counsel, and the Court will deny as moot Defendants' Defendants' B'Nai B'rith Senior Citizen Housing, Inc., Southeastern Property Management, Inc., and Lynn Rotan's Motion To Dismiss. (D.I. 3, 7.) An appropriate Order will be entered.